**JOEL A. KAUTH, CA Bar No. 186544**
**E-mail: joel.kauth@kppb.com**
**KPPB LLP**
**180 E. Ocean Blvd, Suite 1030**
**Long Beach, California 90802**
**PH: (949) 852-0000**
**FAX: (949) 852-0004**

Attorneys for Plaintiff Shake Smart, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SHAKE SMART, LLC, a Delaware company,

Plaintiff,

vs.

NEKTER JUICE BAR INC., a California corporation,

Defendant.

Case No. '26CV4943 JO DEB

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, DILUTION AND UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Plaintiff Shake Smart, LLC ("Shake Smart"), for its Complaint, alleges:

**<u>JURISDICTION AND VENUE</u>**

1. (a) This is a civil action for infringement of a Federally registered trademark, false designation of origin under the Lanham Act, trademark dilution, and unfair competition under state and federal law.

(b) This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331, 28 U.S.C. §1338(a) and 28 U.S.C. §1338(b) and the principles of supplemental jurisdiction pursuant to 28 U.S.C. §1367. Venue is

proper pursuant to 28 U.S.C. §1391(b) and (c).

2. This Court has personal jurisdiction over the defendant Nekter Juice Bar Inc. in that Shake Smart, LLC is informed and believes that defendant Nekter Juice Bar Inc. is a California corporation doing business within the State of California and this judicial district pursuant to Cal. Civ. Proc. Section 410.10. Upon information and belief, defendant maintains offices, employs personnel, and does substantial business within the State of California and within this judicial district. Defendant has also used its infringing advertising and marketing and used infringing marks in national television and media campaigns, as well as on social media sites such as Instagram (https://www.instagram.com/popular/fuel-your-life-nekter/), TikTok and X, that distribute content within the State of California, and within this judicial district. Defendant has also used infringing marks on various Internet web pages, including at www.nekterjuicebar.com, which site is available and accessible within California, and this judicial district. Defendant has also distributed and sold products bearing the infringing marks within the State of California, and this judicial district. Defendant has thereby solicited business within this judicial district, and its advertisements, which themselves constituted trademark infringement, as well as its products bearing the infringing marks, were distributed and sold within this judicial district, and more specifically, within the Southern District of California.

## THE PARTIES

3. Plaintiff Shake Smart, LLC ("Shake Smart") is a Delaware limited liability company with its principal place of business in Encinitas, California at 651 Quail Gardens Lane, Encinitas, California, 92024.

4. Upon information and belief, defendant Nekter Juice Bar Inc. ("Nekter") is a California corporation with its principal place of business in Costa Mesa, California at 2488 Newport Blvd, Suite A, Costa Mesa, California, 92627.

## FACTS COMMON TO ALL COUNTS

5. Shake Smart is a modern health food brand that embodies the concept of functional nutrition. Its products focus on clean, high quality, shakes, smoothies, drinks, bowls, protein powders, and quick meals with macros to support a healthy, active lifestyle. Shake Smart has 60+ locations in universities and US military bases, and has fueled over a million customers nationwide fulfilling over 20 million orders since inception.

6. According to its website, Nekter is "[m]ore than just 'products', Nékter inspires and fuels the moments that support health and wellness, elevating you on your unique path to a vibrant and fulfilling life."

7. Beginning at least as early as 2011, Shake Smart began using its FUEL YOUR LIFESTYLE mark in connection with its goods and services.

8. Shake Smart has used its FUEL YOUR LIFESTYLE continuously since 2011.

9. Shake Smart's goods and services with which it uses its FUEL YOUR LIFESTYLE mark include restaurant services featuring smoothies, protein drinks, and nutritional energy bars.

10. A federal trademark registration for FUEL YOUR LIFESTYLE was obtained November 27, 2012, issuing as Registration No. 4248795. A true and correct copy of that registration is attached as Exhibit A.

11. Shake Smart is the owner of Federal Registration No. 4248795 for FUEL YOUR LIFESTYLE.

12. Shake Smart's Federal Registration No. 4248795 for FUEL YOUR LIFESTYLE became incontestable January 4, 2018 when the United States Patent & Trademark Office acknowledged Shake Smart's declaration of incontestability.

13. Shake Smart's FUEL YOUR LIFESTYLE mark is featured prominently in Shake Smart's branding and marketing across digital channels and

its physical storefronts.

14. The images below accurately depict examples of how Shake Smart uses its FUEL YOUR LIFESTYLE mark on its website located at the URL shakesmart.com.







15. The images below accurately depict examples of how Shake Smart uses its FUEL YOUR LIFESTYLE mark on its website at the page located at the URL shakesmart.com/our-story/.

/////

/////

/////


shake smart
about us
order
menu
locations
contact
60+
locations nationwide
20+
states & growing
25g+
protein per shake
2011
founded at sdsu
the solution
healthy food that actually fits your lifestyle.
shakesmart. fuel your lifestyle.
every shake, acai bowl, toast, craft your cup, and pour over starts from the same four key aspects: nutritious, delicious, affordable, convenient. not a sugar bomb dressed up as health food. no wait times sacrificing today's busy schedules. simply, clean, high protein, real-ingredient foods — ready in minutes, no regret attached.
we put in the good stuff. we leave out the rest.
✓ 25g+ protein
✓ real fruits & veggies
✓ high-quality whey protein
✓ vegan & gluten-free options
✓ low sugar
and none of this
× ice cream
× frozen yogurt
× purees
× guilt


shake smart
about us
order
menu
locations
contact
fuelyourlifestyle
"to keep the body in good health is a duty, otherwise, we shall not be able to keep our mind strong and clear."
– buddha
NOW OPEN!

16. The images below accurately depict examples of how Shake Smart uses its FUEL YOUR LIFESTYLE mark at a variety of its physical storefronts, and such images may also be found on Shake Smart's website at the page located at the URL shakesmart.com/locations/.




/////

/////

/////

/////

/////

/////


fuel your lifestyle
shake smart
self order
a new level of customer service
shake smart


shake smart
fuel your lifestyle
shake smart
self order


fuel your lifestyle
shake smart
self order
a new level of customer service
shake smart


shake smart
self order
a new level of customer service
shake smart
fuel your lifestyle
FRESHLY BLENDED
Protein Shakes
PERFECT


shake smart
fuelyourlifestyle
KINESIOLOGY 43A
PICK UP
ORDER
PAY HERE
RECREATIO ENTER


shakesmart
fuelyourlifestyle
pickup
order
shake smart
AQUAFINA


fuel your lifestyle
shakes
bowls
bites
shake smart


fuel your lifestyle
shake smart


shake smart
fuel your lifestyle
shake smart self order
a new level of customer service
cold brew coffee


shake smart self order
a new level of customer service
fuel your lifestyle


fuel your life
NO MATTER what your lifestyle is
FUEL IT with the proper nutrients
shake smart
self order
a new level of customer service
shake smart


shake smart
FRESHLY blended PROTEIN SHAKES
shake smart
fuel your lifestyle


shake smart
fuel your lifestyle
shake smart


shake smart
fuel your lifestyle




17. Shake Smart has used FUEL YOUR LIFESTYLE on every regular and large cup for more than ten years.

18. Shake Smart has used FUEL YOUR LIFESTYLE on over fifteen million (15,000,000) custom cups. The images below accurately depict the cup design using FUEL YOUR LIFESTYLE:



19. Shake Smart has used its FUEL YOUR LIFESTYLE mark on all employee uniforms, and customer apparel, for over 10 years. The images below accurately depict examples of such uniforms and apparel:
















20. Shake Smart has used FUEL YOUR LIFESTYLE on the front page of its to go menu for over ten years. The image below accurately depicts such a to go menu:




21. Shake Smart has used FUEL YOUR LIFESTYLE on a variety of small format prints, posters and signs. The images below accurately depict

examples of such usage:











22. Shake Smart has used FUEL YOUR LIFESTYLE on marketing materials. The images below accurately depict examples of such usage:






23. Shake Smart has used FUEL YOUR LIFESTYLE on business cards. The image below accurately depicts an example of such usage, with identifying information redacted:




24. Shake Smart has used FUEL YOUR LIFESTYLE on every protein tub manufactured since 2023, totaling approximately 130,000 labels on its protein

tubs. The image below accurately depicts examples of such protein tubs:




25. Shake Smart uses FUEL YOUR LIFESTYLE in its app. The image below accurately depicts a screen in the app:




26. Shake Smart uses its FUEL YOUR LIFESTYLE mark in connection with its rewards program for consumers.



27. In addition to its Federal trademark registration, Shake Smart also possesses common law rights in its FUEL YOUR LIFESTYLE mark, based on Shake Smart's longstanding use of the mark to identify its products and services, and the consuming public's association of the FUEL YOUR LIFESTYLE mark with Shake Smart.

28. Shake Smart has used its FUEL YOUR LIFESTYLE mark continuously, since at least as early as 2011, specifically in connection with its marketing and offering of restaurant services featuring smoothies, protein drinks, and nutritional energy bars.

29. As shown above, Shake Smart has used the FUEL YOUR LIFESTYLE mark prominently in stores, online, on social media, in commercials, on uniforms, on customer apparel, and on cups and bowls for smoothies, shakes and protein drinks where it will be visible to consumers.

30. Shake Smart has also used FUEL YOUR LIFESTYLE in sales decks to acquire future locations, on expo materials, in training materials and on other marketing materials.

31. Shake Smart has a very broad customer base, from general community members, to college students, faculty and staff, military personnel, and corporate personnel. Shake Smart's popularity has become more mainstream as it continues to grow and expand beyond universities and military bases to corporate campuses, hospitals, airports and beyond, and its FUEL YOUR LIFESTYLE mark is now widely recognizable by virtually all consumers.

32. Shake Smart has used its distinctive FUEL YOUR LIFESTYLE mark extensively (and exclusively) for approximately the past 15 years. On information and belief, Nekter was aware of Shake Smart's distinctive FUEL YOUR LIFESTYLE mark, and of Shake Smart's extensive trademark rights in the mark.

33. Since its inception, Shake Smart has focused on real nutrition – premium protein, whole ingredients, and zero compromise:




34. Protein has always been a key aspect of Shake Smart's nutritional focus, with Shake Smart providing over 25 grams of protein in each of its shakes.

35. Despite its awareness of Shake Smart's FUEL YOUR LIFESTYLE mark, Nekter began using the very similar FUEL YOUR LIFE mark.

36. On information and belief, Nekter's first use of FUEL YOUR LIFE was in approximately June 2025.

37. This is also when Nekter began an emphasis on protein, with what its CEO referred to as "a refreshed brand identity."

38. Given the overlap of plaintiff's and defendant's core consumers, as well as the overlap in their marketing efforts and distribution channels, and the nearly identical goods and services they offer, consumers are likely to be confused

by Nekter's use of FUEL YOUR LIFE.

39. Nekter's newly-found emphasis on protein in conjunction with its use of FUEL YOUR LIFE makes it even more likely that consumers will be confused, and believe that this is related to or sponsored by Shake Smart and its protein-forward FUEL YOUR LIFESTYLE brand.

40. On information and belief, Nekter was aware of Shake Smart's use of its FUEL YOUR LIFESTYLE mark in association with goods and services in International Class 43, and more specifically, Shake Smart's use of its FUEL YOUR LIFESTYLE mark in connection with restaurant services featuring smoothies, protein drinks, and nutritional energy bars.

41. Nekter's own characterization of its goods and services as "Restaurant services featuring fruit and vegetable drinks; juice bar services" is very similar to Shake Smart's goods and services of "restaurant services featuring smoothies, protein drinks, and nutritional energy bars."

42. Nekter uses FUEL YOUR LIFE on its website, including as shown in these examples, including enlarged views of usage on a bowl and cup:







MENU
ORDER
LOCATIONS
néktər
REWARDS APP
CLEANSES
GIFT CARDS
NEW!
GET GLOWING
WITH COLLAGEN
ORDER NOW


MENU
ORDER
LOCATIONS
néktər
BOTTLES
REWARDS APP
GIFT CARDS
FRANCHISING
PURE BERRY
BLISS.
— NEW! —
STRAWBERRY SUMMER TRIO
ORDER NOW


JUICES | BOWLS
FUEL YOUR LIFE
NÉKTER
SMOOTHIES

43. On information and belief, Nekter began using FUEL YOUR LIFE on its website in approximately June 2025.

44. Nekter uses FUEL YOUR LIFE on cups.

45. On information and belief, Nekter began using FUEL YOUR LIFE on cups in approximately June 2025.

46. Nekter uses FUEL YOUR LIFE on bowls.

47. On information and belief, Nekter began using FUEL YOUR LIFE on bowls in approximately June 2025.

48. Nekter uses FUEL YOUR LIFE on social media.

49. On information and belief, Nekter began using FUEL YOUR LIFE on social media in approximately June 2025.

50. Nekter uses FUEL YOUR LIFE in digital media campaigns.

51. On information and belief, Nekter began using FUEL YOUR LIFE in digital media campaigns in approximately June 2025.

52. Nekter uses #FUELYOURLIFE on Instagram.

53. On information and belief, Nekter began using #FUELYOURLIFE on Instagram in June 2025.

54. Nekter uses #FUELYOURLIFE on TikTok.

55. On information and belief, Nekter began using #FUELYOURLIFE on TikTok in June 2025.

56. Nekter uses #FUELYOURLIFE on X.

57. On information and belief, Nekter began using #FUELYOURLIFE on X in June 2025.

58. On its website, at the URL https://www.nekterjuicebar.com/pages/the-nekter-life, Nekter uses #FUELYOURLIFE.

/////

/////




59. According to its website, FUEL YOUR LIFE is “more than a hashtag—it’s about **embracing healthy living as a sustainable lifestyle**, not as something that comes and goes. Whether you’re taking your first steps to healthier living or continuing down that path, Nékter is here to empower that journey. More than just ‘products’, Nékter inspires and fuels the moments that support health and wellness, elevating you on your unique path to a vibrant and fulfilling life.”

60. Nekter uses FUEL YOUR LIFE in connection with its rewards program for consumers.




61. On information and belief, Nekter began using FUEL YOUR LIFE in connection with its rewards program for consumers in approximately June 2025.

62. Shake Smart first discovered Nekter’s use of the confusingly similar FUEL YOUR LIFE mark in June 2026.

63. When Shake Smart discovered Nekter had begun using FUEL YOUR LIFE in its marketing and advertising, it was concerned usage of a mark so similar to Shake Smart’s FUEL YOUR LIFESTYLE, in connection with goods and services very similar to those offered by Shake Smart, would lead to consumer

confusion.

64. Upon discovering Nekter's use of FUEL YOUR LIFE, Shake Smart immediately contacted Nekter.

65. Shake Smart contacted on June 16, 2026 expressing concern about Nekter's use of FUEL YOUR LIFE and its similarity to Shake Smart's FUEL YOUR LIFESTYLE, and requesting Nekter cease using FUEL YOUR LIFE.

66. Shake Smart received an email response dated June 23, 2026, from Nekter's Chief Marketing Officer Ms. Corry Reid responded that stated "'Fuel for Life' and 'Fuel your Lifestyle' are distinct and different taglines, and we are comfortable with our continued use of ours."

67. By no later than June 23, 2026, Nekter had actual knowledge of Shake Smart's FUEL YOUR LIFESTYLE mark.

68. By no later than June 23, 2026, Nekter had actual knowledge of Shake Smart's FUEL YOUR LIFESTYLE registration.

69. Despite Ms. Reid's comparison, it does not appear that Nekter uses the "tagline" "Fuel for Life" on its website.

70. On information and belief, Nekter does not use "Fuel for Life" on cups, on bowl, or in its marketing.

71. On information and belief, Nekter does not use #FUELFORLIFE on social media.

72. Shake Smart responded to Ms. Reid's email, pointing out that in her email, she had incorrectly compared "Fuel for Life" to Shake Smart's FUEL YOUR LIFESTYLE mark instead of comparing it to the FUEL YOUR LIFE that Nekter is actually using.

73. Shake Smart's further attempts to contact Ms. Reid via email and telephone were unsuccessful, and went unanswered.

74. From Ms. Reid's email, it appears that Nekter's Chief Marketing Officer never compared Nekter's actual "tagline" FUEL YOUR LIFE with Shake

Smart's FUEL YOUR LIFESTYLE.

75. A comparison of FUEL YOUR LIFE and FUEL YOUR LIFESTYLE reveals that the entirety of the phrase FUEL YOUR LIFE is contained within FUEL YOUR LIFESTYLE.

76. Unable to have a further discussion with Nekter's Chief Marketing Officer regarding Nekter's infringing branding, on June 25 Shake Smart left a voicemail for Nekter's Chief Executive Officer Mr. Steve Schulze regarding Nekter's use of FUEL YOUR LIFE.

77. Shake Smart followed up with an email to Mr. Schulze on June 29.

78. Nekter's Chief Executive Officer Mr. Schulze never responded to Shake Smart.

79. On August 4, Shake Smart, through counsel, sent a cease and desist letter to Nekter demanding that it cease use of FUEL YOUR LIFE.

80. To date, Nekter has not responded to this letter.

81. Despite knowing of Shake Smart's rights in the FUEL YOUR LIFESTYLE mark, Nekter has continued to use FUEL YOUR LIFE.

82. Nekter's use of FUEL YOUR LIFE has been knowing and intentional.

83. Nekter's use of FUELYOUR LIFE has been with reckless disregard to Shake Smart's FUEL YOUR LIFESTYLE mark and registration.

84. Consumers seeing the FUEL YOUR LIFE mark in connection with restaurant services and products such as smoothies are likely to consider the mark to be a source identifier, and due to the presence of the famous mark, consumers will expect such products and services to be from Shake Smart.

85. Consumers seeing the similar FUEL YOUR LIFE mark used in connection with "restaurant services featuring fruit and vegetable drinks; juice bar services" or "restaurant services featuring smoothies, protein drinks, and nutritional energy bars" are likely to mistakenly believe that such services originate from Shake Smart, or are sponsored or authorized by Shake Smart.

86. However, despite the use of a confusingly similar FUEL YOUR LIFE mark, the goods and services offered by Nekter are not authorized by Shake Smart, and do not originate with Shake Smart, and thus there is a likelihood of confusion.

87. Further increasing the likelihood of confusion, the infringing goods and services, such as smoothies and protein drinks are sold in the same channels of trade as Shake Smart offers its own smoothies and protein drinks.

88. Defendant markets its smoothies and protein drinks using the FUEL YOUR LIFE mark to the same consumers to whom Shake Smart markets its own smoothies and protein drinks using the FUEL YOUR LIFESTYLE mark.

89. Nekter's use of a similar mark is likely to confuse and mislead consumers. Consumers are likely to be misled into thinking that Shake Smart has sponsored the Nekter smoothies and protein drinks.

90. In light of the similar marketing channels and consumers, consumer confusion is virtually guaranteed.

91. Shake Smart has used its FUEL YOUR LIFESTYLE mark continuously for over 15 years, since it first began using it in 2011. The FUEL YOUR LIFESTYLE mark has been central to Shake Smart's branding strategy.

92. Shake Smart has invested over $150,000 in storefront signage and uniform prints alone that are directly tied to the FUEL YOUR LIFESTYLE mark, not including the costs associated with FUEL YOUR LIFESTYLE in other channels of trade, and other materials including the FUEL YOUR LIFESTYLE mark.

93. Shake Smart has exerted great effort in creating and maintaining its brand image, and the FUEL YOUR LIFESTYLE mark is at the core of such efforts.

94. Shake Smart uses the FUEL YOUR LIFESTYLE mark extensively in it marketing, and in its storefronts.

95. Consumers associate the FUEL YOUR LIFESTYLE mark with Shake Smart.

96. Shake Smart's efforts have resulted in its FUEL YOUR LIFESTYLE mark becoming a famous mark as that term is defined in trademark law. The FUEL YOUR LIFESTYLE mark is now well recognized by the public in general.

## TORTIOUS ACTIVITIES OF DEFENDANT

97. Defendant has used a mark that is confusingly similar to Shake Smart's FUEL YOUR LIFESTYLE mark for marketing and distributing its own competing goods and services which are sold in the same channels of trade as the goods and services of Shake Smart described above.

98. Defendant has also used its confusingly similar FUEL YOUR LIFE mark in marketing and advertising for such goods and services, thereby competing unfairly with Shake Smart, infringing Shake Smart's trademark rights, diluting Shake Smart's distinctive FUEL YOUR LIFESTYLE mark, and improperly trading on the goodwill in the FUEL YOUR LIFESTYLE mark established by Shake Smart.

99. Nekter uses the mark FUEL YOUR LIFE.

100. Defendant's FUEL YOUR LIFE mark colorably imitates Shake Smart's FUEL YOUR LIFESTYLE trademark.

101. Nekter has used the infringing FUEL YOUR LIFE mark in marketing and advertising its products and services on the Internet, including at www.nekterjuicebar.com.

102. Defendant has also marketed and advertised its goods and services using the FUEL YOUR LIFE mark on social media, including but not limited to Instagram, TikTok and X.

103. Defendant has also marketed and advertised its goods and services using #FUELYOURLIFE on social media, including but not limited to Instagram, TikTok and X.

/////

## FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT - 15 U.S.C. §1114

104. Shake Smart refers to and incorporates in this cause of action Paragraphs 1 to 103, above, as though restated here in full.

105. Shake Smart's United States Trademark Registration No. 4,248,795 for FUEL YOUR LIFESTYLE, a copy of which is appended as Exhibit A, is in International Class 43, for "Restaurant services featuring smoothies, protein drinks, and nutritional energy bars."

106. Defendant's use of FUEL YOUR LIFE in connection with, and advertising for similar goods and services, including restaurant services featuring smoothies and protein drinks, will likely cause confusion in the marketplace with the products and services of Shake Smart, and directly infringe the rights of Shake Smart in its registered Trademark No. 4,248,795, in violation of 15 U.S.C. §1114, Section 32 of the Lanham Act.

107. Defendant began using FUEL YOUR LIFE with knowledge of Shake Smart's FUEL YOUR LIFESTYLE mark.

108. Defendant continues to use FUEL YOUR LIFE with knowledge of Shake Smart's FUEL YOUR LIFESTYLE mark.

109. Without Shake Smart's consent, defendant has knowingly used in commerce a reproduction, counterfeit, copy or colorable imitation of Shake Smart's registered FUEL YOUR LIFESTYLE mark in connection with the sale, offering for sale, distribution, or advertising of goods and services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

110. Defendant has reproduced, counterfeited, copied and/or colorably imitated Shake Smart's registered mark. Without Shake Smart's consent, defendant has knowingly applied such reproduction, counterfeit, copy, or colorable imitation to signs, prints, cups, bowls, and advertisements intended to be used in

commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

111. Defendant has knowingly used a colorable imitation of Shake Smart's FUEL YOUR LIFESTYLE mark to intentionally trade upon Shake Smart's established good will and reputation, and to cause confusion, to cause mistake, and to deceive.

112. The infringements of Shake Smart's registered trademark, as described, has irreparably injured Shake Smart in an amount not yet ascertained but in an amount to be determined, which injury will continue unless enjoined by Order of this Court.

## SECOND CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT

113. Shake Smart refers to and incorporates in this cause of action Paragraphs 1 to 103, above, as though restated herein in full.

114. Since 2011, Shake Smart has continuously and exclusively used its FUEL YOUR LIFESTYLE mark.

115. As noted in detail above, since at least as early as 2011, Shake Smart has used its FUEL YOUR LIFESTYLE mark in connection with good and services in International Class 43, including using the mark in connection with "Restaurant services featuring smoothies, protein drinks, and nutritional energy bars."

116. Through the continuous use of its distinctive FUEL YOUR LIFESTYLE mark, and its continued advertising and promotion, Shake Smart has established the FUEL YOUR LIFESTYLE mark as a source identifier. Shake Smart has established goodwill in its FUEL YOUR LIFESTYLE mark with consumers, and consumers recognize the FUEL YOUR LIFESTYLE mark as an indicator of the high quality goods and services provided by Shake Smart.

117. On information and belief, defendant Nekter was aware of the goodwill built up in Shake Smart's FUEL YOUR LIFESTYLE mark.

118. In approximately June 2025, Nekter began to use FUEL YOUR LIFE branding that is very similar to Shake Smart's FUEL YOUR LIFESTYLE mark.

119. This similar branding is likely to cause confusion among consumers, and is aimed to trade on the goodwill established in the FUEL YOUR LIFESTYLE mark by Shake Smart.

120. Nekter began to use the FUEL YOUR LIFE in connection with goods and services that compete directly with goods and services offered by Shake Smart.

121. Given the strong similarities between the marks, the similar goods, and the similar channels of trade in which they are offered, defendant's use of such a similar mark in connection with the marketing and sales of restaurant services featuring smoothies and protein drinks is likely to cause confusion, mistake and/or deception among consumers.

122. Defendant's FUEL YOUR LIFE is confusingly similar to Shake Smart's FUEL YOUR LIFESTYLE mark, and Shake Smart has suffered and will continue to suffer irreparable damage, in an amount not yet ascertained but in an amount to be determined, which damage will continue unless and until use of the FUEL YOUR LIFE mark is enjoined by Order of this Court.

## THIRD CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN - 15 U.S.C. §1125(a)

123. Shake Smart refers to and incorporates in this cause of action Paragraphs 1 to 103, above, as though restated herein in full.

124. Defendant has used FUEL YOUR LIFE branding in connection with its own goods and services, the advertising of such goods and services, and the packaging for such goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of such

goods.

125. By utilizing branding that is a colorable imitation of Shake Smart's FUEL YOUR LIFESTYLE mark in its advertising for and on the actual packaging of its smoothie and protein drink products, defendant misrepresents and falsely describes to the general public the origin and source of the products offered for sale within such packaging, and creates a likelihood of confusion, mistake or deception to ultimate purchasers as to the source of the products within such packaging or related to such advertising.

126. The confusion, mistake or deception referred to herein arises out of the aforesaid acts of defendant, and the acts of defendant constitute false designation of origin and unfair competition in violation of 15 U.S.C. §1125(a), Section 43(a) of the Lanham Act.

127. Upon information and belief, the aforesaid acts of defendant were undertaken willfully with the intention of causing confusion, mistake or deception.

128. By reason of the acts of defendant, Shake Smart has suffered and will continue to suffer irreparable damage, in an amount not yet ascertained but in an amount to be determined, which damage will continue unless and until such acts are enjoined by Order of this Court.

**FOURTH CAUSE OF ACTION**

**TRADEMARK DILUTION - 15 U.S.C. §1125(c)**

129. Shake Smart refers to and incorporates in this cause of action Paragraphs 1 to 103, above, as though restated herein in full.

130. Shake Smart's FUEL YOUR LIFESTYLE mark is distinctive and well-known. Through over 15 years of usage and advertising by Shake Smart, the FUEL YOUR LIFESTYLE mark has become "famous" as such term is used in 15 U.S.C. §1125(c).

131. Shake Smart's FUEL YOUR LIFESTYLE mark is the subject of a

Federal Trademark Registration, as exemplified by, among others, Registration No. 4,248,795 (Exhibit A).

132. Shake Smart's FUEL YOUR LIFESTYLE mark is widely recognized by the general consuming public of the United States as a designation that Shake Smart is the source of the goods and services associated with the mark.

133. Defendant is presently using FUEL YOUR LIFE in commerce, in association with such services as restaurant services featuring smoothies and protein drinks.

134. Defendant Nekter's use of the FUEL YOUR LIFE began in approximately June 2025, well after Shake Smart's distinctive FUEL YOUR LIFESTYLE mark had become famous.

135. Defendant's use of FUEL YOUR LIFE that is very similar to Shake Smart's famous FUEL YOUR LIFESTYLE is likely to cause dilution of Shake Smart's FUEL YOUR LIFESTYLE mark's distinctive qualities by blurring, or dilution by tarnishment of the FUEL YOUR LIFESTYLE mark.

136. On information and belief, defendant's selection of a similar FUEL YOUR LIFE for use in association with its goods and services was willful, and intended to dilute Shake Smart's FUEL YOUR LIFESTYLE mark and trade on the goodwill established by Shake Smart in its FUEL YOUR LIFESTYLE mark.

137. By reason of the acts of defendant, Shake Smart has suffered and will continue to suffer irreparable damage, in an amount not yet ascertained but in an amount to be determined, which damage will continue unless and until such acts are enjoined by Order of this Court.

## FIFTH CAUSE OF ACTION

## COMMON LAW UNFAIR COMPETITION

138. Shake Smart refers to and incorporates in this cause of action Paragraphs 1 to 103, above, as though restated herein in full.

139. The Court has jurisdiction over this Count pursuant to 28 U.S.C. §1367.

140. By the acts complained of herein, defendant has engaged in unfair competition under the common law of the State of California.

141. Upon information and belief, the aforesaid acts of defendant were undertaken willfully and with the intention of causing confusion, mistake and deception.

142. Upon information and belief, the aforesaid acts of defendant have caused damage to Shake Smart, in an amount not yet ascertained but in an amount to be determined.

143. By reason of the acts of defendant alleged herein, Shake Smart has suffered, is suffering and will continue to suffer irreparable damage, which damage will continue unless enjoined by Order of this Court.

## SIXTH CAUSE OF ACTION
## STATUTORY UNFAIR COMPETITION

144. Shake Smart refers to and incorporates in this cause of action Paragraphs 1 to 103, above, as though restated herein in full.

145. The Court has jurisdiction over this Count pursuant to 28 U.S.C. §1367.

146. By the acts complained of herein, defendant has engaged in unfair competition under Section 17200 of the Business and Professions Code of the State of California.

147. Defendant's use of the infringing advertising, packaging and marking complained of herein constitutes deceptive and misleading advertising and is likely to, and is intended to, cause confusion to the purchasers and potential purchasers of the products.

148. Upon information and belief, the aforesaid acts of defendant have

caused damage to Shake Smart, in an amount not yet ascertained but in an amount to be determined.

149. By reason of the acts of defendant alleged herein, Shake Smart has suffered, is suffering and will continue to suffer irreparable damage, which damage will continue unless enjoined by Order of this Court.

## RELIEF REQUESTED

WHEREFORE, Shake Smart demands that:

1. This Court issue a Permanent Injunction against defendant, its officers, agents, servants, employees, parent, subsidiary and related companies and all persons acting for, with, by, through or under it and each of them, barring further manufacture, use, or sale of any goods, packaging or advertising bearing FUEL YOUR LIFE.

2. Defendant, its officers, agents, servants, employees, parent, subsidiary and related companies and all persons acting for, with, by, through or under it, and each of them, be permanently enjoined and restrained from using the trademarks, advertising and packaging of Shake Smart, or any trademarks, advertising or packaging likely to cause confusion, mistake or deception with any Shake Smart, trademark, product, packaging or trade dress, and be permanently enjoined from further use of the FUEL YOUR LIFE mark.

3. Defendant be required to destroy all labels, signs, prints, packages, wrappers, receptacles, advertisements and other goods in its possession, custody and/or control, or that it distributed to its franchisees, bearing the trademarks of Shake Smart, or bearing any mark or symbol likely to cause confusion, mistake or deception with any Shake Smart trademark, product or packaging, specifically including all goods bearing the FUEL YOUR LIFE mark.

4. Defendant be required to immediately change all electronic media, including but not limited to web sites, applications, social media accounts,

electronic files, graphics files or other software in their possession or custody and/or under its control bearing the trademarks of Shake Smart, or bearing any mark or symbol likely to cause confusion, mistake or deception with any Shake Smart trademark, product or packaging, specifically including the FUEL YOUR LIFE mark.

5. Defendant be required to notify all franchisees of a finding of trademark infringement, and instruct them to cease all use of FUEL YOUR LIFE.

6. Defendant be required to account for and pay over to Shake Smart all damages sustained by Shake Smart and all profits realized by defendant, by reason of its unlawful acts alleged herein, and that amount be trebled as provided by law.

7. Defendant be required to pay Shake Smart for the cost of corrective advertising to address the confusion, mistake, and/or deception caused by defendant's unlawful acts alleged herein.

8. Defendant be required to pay Shake Smart all of Shake Smart's costs, disbursements and attorneys' fees incurred in this action.

9. Defendant be required to pay pre-judgment and post-judgment interest on all monetary awards.

10. Shake Smart have such other and further relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods or services provided by or promoted by defendant, are authorized by Shake Smart or related in any way to Shake Smart, its products or services.

DATED: August 31, 2026

Respectfully submitted,

KPPB LLP

By s/ Joel A. Kauth

Joel A. Kauth
Attorneys for Plaintiff, SHAKE SMART, LLC
Email: joel.kauth@kppb.com

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure Rule 38(b), Plaintiff, SHAKE SMART, LLC, hereby demands a trial by jury of all issues in its Complaint so triable.

DATED: August 31, 2026

Respectfully submitted,

KPPB LLP

By s/ Joel A. Kauth

Joel A. Kauth
Attorneys for Plaintiff, SHAKE SMART, LLC
Email: joel.kauth@kppb.com

# EXHIBITS

Exhibit A ............................................................ Page 39

# United States of America

United States Patent and Trademark Office

# Fuel Your Lifestyle

| | |
|---|---|
| **Reg. No. 4,248,795** | GELFAND, KEVIN (UNITED STATES INDIVIDUAL) |
| **Registered Nov. 27, 2012** | 4065 RIVIERA DR.<br>SAN DIEGO, CA 92109 |
| **Int. Cl.: 43** | FOR: RESTAURANT SERVICES FEATURING SMOOTHIES, PROTEIN DRINKS, AND NUTRITIONAL ENERGY BARS, IN CLASS 43 (U.S. CLS. 100 AND 101). |
| **SERVICE MARK** | FIRST USE 3-1-2011; IN COMMERCE 3-1-2011. |
| **PRINCIPAL REGISTER** | THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR. |
| | SER. NO. 85-447,315, FILED 10-14-2011. |
| | COURTNEY ALVAREZ, EXAMINING ATTORNEY |

Director of the United States Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.